UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristopher Roybal, et al., | Case No. 20-cv-1200 (WMW/LIB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Paul Schnell, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiffs' pro se Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983, [Docket No. 1], and their letter to the Court concerning this action's filing fee (hereinafter "Fee Letter"). [Docket No. 2].

Plaintiffs are thirteen prisoners incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota ("MCF Faribault") who participate in Native American religious practices. (See, e.g., Compl., [Docket No. 1], at 2). They bring this pro se lawsuit alleging that decisions and policies of MCF Faribault staff have interfered with Plaintiffs' abilities to practice their religion, thus allegedly violating the United States Constitution, as well as, federal law. (See, e.g., Id. at 1–5). Specifically, Plaintiffs allege that while they were originally permitted to practice their religion as a whole, single group, "[a]bout a year and a half ago, MCF-Faribault implemented a system separating the pipe and smudge ceremonies along with the sweat lodge ceremonies by splitting the groups up based on where their living unit was." (Id. at 4). As relief, Plaintiffs seek an Order of this Court requiring Defendant "to conduct a review and allow the Native American population an opportunity to exercise their sweat lodge ceremony as a whole" group, and an Order further

requiring Defendant to "follow their [sic] own policy which requires a complete thorough evaluation of this particular ceremony practice and eventually allow the pipe and smudge ceremony to resume as a whole . . . ." (Id. at 2).

Although Plaintiffs seeks to raise the same claim and seek the same relief, prosecuting this matter as one action with thirteen pro se Plaintiffs creates needless potential problems and procedural complexities that are likely to impede the expedient administration of justice. This Court therefore recommends that Plaintiff Kristopher Roybal, as the first named Plaintiff, be permitted to remain in this action, and that the remaining Plaintiffs be dismissed without prejudice. See, e.g., Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010) (noting that "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness," even where joinder standard of Rule 20 of Federal Rules of Civil Procedure is otherwise met); Black Elk v. Roy, No. 18-cv-3255 (DWF/LIB), 2019 WL 885641, at *1 (D. Minn. Feb. 5, 2019), report and recommendation adopted, 2019 WL 858671 (D. Minn. Feb. 22, 2019). If another individual Plaintiff wish to pursue the claims raised in the present Complaint, that individual Plaintiff will need to initiate his own separate, independent action. For several reasons, the undersigned finds this to be the best way "to secure the just, speedy, and inexpensive determination of" this action. See, Fed. R. Civ. P. 1.

As a threshold point, the Complaint purportedly seeks to bring a "class action lawsuit" on behalf of "the Native Americans confined" at MCF Faribault. (See, e.g., Compl., [Docket No. 1], at 1). This is a nonstarter. There is no indication that any Plaintiff here is an attorney, and it is well established that nonlawyers cannot represent other individuals, much less represent a class. See, e.g., Leventhal v. Rios, No. 17-cv-5441 (PAM/KMM), 2018 WL 3130682, at *3 (D. Minn. May

16, 2018) (citing authorities), report and recommendation adopted, 2018 WL 3129004 (D. Minn. June 26, 2018); Jackson v. Dayton, No. 17-cv-0880 (WMW/TNL), 2017 WL 10250625, at *1 (D. Minn. July 14, 2017), report and recommendation adopted, 2018 WL 4473407 (D. Minn. Jan. 8, 2018). The undersigned thus recommends dismissing "The Native Americans Confined at M.C.F.-Faribault" as Plaintiffs.

Because this action cannot proceed as a pro se class action, what remains are thirteen separate individuals attempting to bring a single claim. The Court has serious practical concerns about this case proceeding in this form. As noted above, nonlawyers cannot represent others. As a result, if this case proceeds, every single plaintiff will have to sign every single filing that Plaintiffs submit. Perhaps the group could reach unanimous agreement on every strategic decision this litigation poses. But assuming that in advance seems problematic, so the Court believes it will be more practical for a single Plaintiff to proceed in the present action.[1]

The Fee Letter, [Docket No. 2], demonstrates a variant of this problem.

The Fee Letter, [Docket No. 2], asks the Court to provide Plaintiffs "some kind of documentation" that they can submit to MCF Faribault staff to "create a fund" to pay this action's filing fee. Plaintiffs point to no authority permitting this Court to order prison officials to create a multi-plaintiff common fund to pay case filing fees, and this Court is unaware of any. Although the issue is largely moot given that the Court has now recommended that only Plaintiff Roybal be permitted to proceed in the present action, the Fee Letter serves to illustrate the issues which could

---

[1] Importantly, based on the relief sought in the present Complaint, it appears that only a single Plaintiff need pursue the present claims for all of the Plaintiffs to reap the benefit of the requested relief. Allowing only Plaintiff Roybal to proceed as the sole Plaintiff does not alter the fact that the Complaint seeks relief which, if granted, would allow all of the Plaintiffs, and in fact every inmate who participates in Native American religious practices at MCF Faribault, to practice their religion collectively and simultaneously in the requested manner.

arise if Plaintiffs were permitted to proceed as pro se co-Plaintiffs. Therefore, the request in Plaintiffs' Fee Letter, [Docket No. 2], is **DENIED**.

Further, if the Plaintiffs were permitted to pursue this action collectively, either one Plaintiff must pay the entire filing fee or Plaintiffs must each apply for in forma pauperis ("IFP") status. However, both options raise further problems.

If one Plaintiff fronts the costs for the others, conflicts about that payment could cause problems later, particularly given the unanimity needed for any filing-related decision making. On the other hand, if the Plaintiffs seek IFP status, then for Plaintiffs to proceed IFP as a group, every single Plaintiff will have to financially qualify individually, and every Plaintiff would be required to submit an individualized IFP application. See, e.g., Anderson v. California, No. 10-cv-2216 (MMA/AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (noting that "if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status"); Black Elk, 2019 WL 885641, at *1. Given that none of the Plaintiffs have filed an IFP application at this point, the Court has no reason to believe that all of them would qualify if and when they all submitted such applications.

Moreover, even if the Plaintiffs were to submit individualized IFP applications, and assuming solely for the sake of argument that each Plaintiff was to qualify financially for IFP, the issues of payment still arise. As observed above, Plaintiffs are prisoners, and therefore, even if they are permitted to proceed IFP, they must still pay the statutory filing fee in installments. See, 28 U.S.C. § 1915(b). If Plaintiffs were permitted to collectively pursue this action, then issues would arise as to who was required to pay the required installment payments and from whose account officials at MCF Faribault would deduct said installment payments.

4

In addition, concerns regarding Rule 11 warrant not allowing multiple pro se Plaintiffs to proceed together in one action. Rule 11(b) of the Federal Rules of Civil Procedures provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 also requires that pro se plaintiff all sign the complaint. See, Fed. R. Civ. P. 11(a).[2]

If Plaintiffs were allowed to proceed as co-Plaintiffs in one action, then they would all be required to sign all future pleadings and motions. See, Fed. R. Civ. P. 11. In doing so, however, Plaintiffs take the risk of one or more of the claims in the Complaint, or assertions in future filings, being deemed sanctionable. See, Biederman v. Corecivic, No. 18-cv-126, 2018 WL 5253500, at *2 (D. Mont. Oct. 22, 2018). The suggestion created by Rule 11, that a pro se plaintiff can be sanctioned for an inaccurate factual statement made by another pro se plaintiff, "is to suggest that each plaintiff acts for the others in some way." Id. A pro se plaintiff, such as each of the present Plaintiffs, however, "has no authority to make assertions on behalf of someone else; only an attorney may do that." Id. Such a course of action and representation is expressly prohibited.

---

[2] Although Plaintiffs are not held to the same standard of pleadings as an attorney would be, Plaintiffs are nevertheless bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."); Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) ("Pro se litigants are not excused from complying with court orders or substantive and procedural law.") (citing Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984)).

Prattville v. Warden of Fed. Prison Camp, No. 17-cv-5209 (MJD/TNL), 2018 WL 6182593, at *3 (D. Minn. Aug. 31, 2018) (citing statute and cases), report and recommendation adopted, 2018 WL 6179512 (D. Minn. Nov. 27, 2018).

Accordingly, both to avoid needless conflict among the litigants and to cut through certain potential procedural issues, the Court recommends the proceeding's first-named litigant, Kristopher Roybal, be the only Plaintiff to remain in the present action, and thus, it further recommends that the other named Plaintiffs be **DISMISSED without prejudice**.

This recommendation leaves only Plaintiff Roybal in the present action. As soon as practicable and in any event by no later than thirty (30) days after the issuance of any Order adopting this Report and Recommendation, Plaintiff Roybal must submit a new Amended Complaint that presents his individual claims specifically as they related to him.[3] In addition, as soon as practicable and in any event by no later than thirty (30) days after the issuance of any Order adopting this Report and Recommendation, Plaintiff Roybal must also submit an individualized application to proceed IFP. If Plaintiff Roybal fails to comply with this Court's directives within the time permitted, it will be recommended that this action be dismissed without prejudice for lack of prosecution. See, Fed. R. Civ. P. 41(b).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiffs "The Native Americans Confined at M.C.F.-Faribault" be **DISMISSED** from this action;

2. Plaintiffs request in their Fee Letter, [Docket No. 2], be **DENIED**;

---

[3] Thereafter, Plaintiff Roybal's action will be reviewed substantively pursuant to 28 U.S.C. § 1915.

3. Plaintiffs Dario Bonga, Wesley Tibbetts, Chavez Wind, Warren Skinaway, Brian Bloom, Robert Boettcher, Arthur Vanwert, Joseph Tipton, Barris Guy, Zach Clark, Chris Clark, and John Vondal Jr. be **DISMISSED without prejudice**;

4. As soon as practicable and in any event by no later than thirty (30) days after the issuance of any Order adopting this Report and Recommendation, Plaintiff Roybal must submit a new Amended Complaint that presents his individual claims specifically as they related to him;

5. As soon as practicable and in any event by no later than thirty (30) days after the issuance of any Order adopting this Report and Recommendation, Plaintiff Roybal must also submit an individualized application to proceed IFP; and

6. If Plaintiff Roybal fails to comply with this Court's directive within the time permitted, it will be recommended that this action be dismissed without prejudice for lack of prosecution.

Dated: September 14, 2020        s/Leo I. Brisbois
                                 Hon. Leo I. Brisbois
                                 United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).