UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kristopher Roybal et al., | Case No. 20-cv-1200 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION** |
| Paul Schnell, *Commissioner of Corrections*, | |
| Defendant. | |

---

This matter is before the Court on the September 14, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 4.) For the reasons addressed below, the Court adopts in part and rejects in part the R&R.

## BACKGROUND

On May 18, 2020, Plaintiffs Kristopher Roybal, Dario Bonga, Wesley Tibbetts, Chavez Wind, Warren Skinaway, Brian Bloom, Robert Boettcher, Arthur Vanwert, Joseph Tipton, Barris Guy, Zach Clark, Chris Clark, John Vondal, Jr., and "Native Americans confined at M.C.F.-Faribault" filed a putative class-action complaint against Defendant Paul Schnell, as well as an application to proceed *in forma pauperis* without prepaying fees or costs. Plaintiffs are incarcerated at the Minnesota Correctional Facility located in Faribault, Minnesota (MCF-Faribault), and it appears that all Plaintiffs are Native Americans. Defendant Schnell is the commissioner of corrections for the State of Minnesota. The complaint alleges that Schnell is violating Plaintiffs' civil rights, including

Plaintiffs' rights to religious practice. To date, Plaintiffs have not served a summons on Schnell.

On September 14, 2020, the magistrate judge issued an R&R recommending that the Court dismiss *sua sponte* the putative class of "Native Americans confined at M.C.F.-Faribault" and all individually named Plaintiffs except the first-named plaintiff, Roybal. The R&R also recommends denying Plaintiffs' requests for (1) the Court to aid Plaintiffs in creating a multi-plaintiff litigation fund and (2) for Plaintiffs, in the alternative, to be allowed to collectively pay the filing fee.

## ANALYSIS

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." LR 72.2(b)(1). Here, no objections to the R&R have been filed. In the absence of timely objections, this Court reviews an R&R for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

The R&R recommends dismissing the putative class of "Native Americans confined at M.C.F.-Faribault" and all named plaintiffs other than the first-named plaintiff, Roybal. But a district court's authority to *sua sponte* dismiss parties or claims from a case is limited to a few narrow categories of circumstances, such as when the court concludes that it lacks subject-matter jurisdiction, that a claim is frivolous, or that a prisoner-plaintiff seeking to proceed *in forma pauperis* has failed to state a claim. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.");

2

*Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996) (observing that the Supreme Court of the United States has distinguished claims that are frivolous from claims that fail to state a claim) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)); *see also* 28 U.S.C. § 1915(e)(2)(B) (permitting a district court to dismiss, *sua sponte*, the claim of a prisoner-plaintiff who is proceeding *in forma pauperis* if the claim is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief).  A district court also may dismiss a civil action *sua sponte* for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996).  But a *sua sponte* dismissal before the defendant has been served and given an opportunity to respond, as is the case here, is "disfavored because the district court is cast in the role of a proponent for the defense, rather than an independent entity."  *Porter*, 99 F.3d at 274 (internal quotation marks omitted).  Here, the R&R does not analyze or conclude that any of the narrow circumstances authorizing *sua sponte* dismissal is present.

In support of the recommendation to *sua sponte* dismiss parties from this case, the R&R relies on a decision from the United States Court of Appeals for the Fifth Circuit.  *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam).  In *Acevedo*, the Fifth Circuit observed that a district court can reject joinder of parties otherwise properly joined under Rule 20, Fed. R. Civ. P., "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."  *Acevedo*, 600 F.3d at 521 (internal citations omitted).  But the *Acevedo* decision is not binding on this Court and, even if it were, the facts and procedural history in *Acevedo* are readily distinguishable from the circumstances here.  In *Acevedo*, approximately 800

3

former employees from more than 300 stores sought to be joined in one lawsuit. *Id.* at 518, 522. The *Acevedo* court was particularly concerned that the wide variety of practices at each of the different stores would result in different defenses applying to different plaintiffs. *Id.* at 522. Here, by contrast, there are 13 named Plaintiffs, all are incarcerated at MCF-Faribault, and the alleged harms that Plaintiffs have experienced likely involve identical rules and procedures. As a result, the *Acevedo* court's concerns about the vast number of named plaintiffs and different defenses applying to each plaintiff's claims are not present here. Moreover, the dismissal of parties in *Acevedo* was not a *sua sponte* decision rendered before the defendants had been served. *Id.* at 519. Instead, the dismissal of the parties occurred after the defendants filed a motion to dismiss based on the misjoinder of parties. *Id.* Accordingly, *Acevedo*'s reasoning does not persuasively govern this Court's analysis.

For these reasons, the R&R's recommendation to dismiss the putative class and all named plaintiffs other than the first-named plaintiff is clearly erroneous and contrary to law. The Court shares the concerns of the magistrate judge as to the "potential problems and procedural complexities that are likely to impede the expedient administration of justice" in this case. However, because the R&R does not provide adequate legal authority to support the method by which the R&R recommends resolving these procedural complexities, the Court rejects the portions of the R&R recommending *sua sponte* dismissal.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

4

1. The September 14, 2020 R&R, (Dkt. 4), is **ADOPTED IN PART AND REJECTED IN PART** as follows:

   a. The R&R's recommendation to deny Plaintiffs' requests for the court to "provide some type of documentation that [Plaintiffs'] may submit to" M.C.F.-Faribault's inmate accounts and that Plaintiffs be permitted to collectively pay the filing fee, (Dkt. 2), is **ADOPTED**, and those requests are **DENIED**;

   b. The R&R's recommendation to *sua sponte* dismiss Plaintiffs "Native Americans Confined at M.C.F.-Faribault" and all named Plaintiffs other than Kristopher Roybal is **REJECTED**; and

   c. The R&R's recommendation that Roybal be ordered to file an amended complaint and an individualized application to proceed *in forma pauperis* is **REJECTED**.

2. This matter is **REMANDED** to the magistrate judge for further proceedings.


Dated: January 25, 2021                         s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge

5