UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dario Bonga, Wesley Tibbetts, Robert Boettcher, and Arthur Vanwert, | Case No. 20-cv-1200 (WMW/LIB) |
| Plaintiffs, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Tracy Beltz, | |
| Defendant. | |

The matter before the Court is United States Magistrate Judge Leo I. Brisbois's May 6, 2022 Report and Recommendation (R&R), (Dkt. 34), which recommends granting Defendant Tracy Beltz's motion for summary judgment, (Dkt. 25). Plaintiffs Dario Bonga, Wesley Tibbetts, Robert Boettcher, and Arthur Vanwert object to the R&R. For the reasons addressed below, the Court overrules Plaintiffs' objection and adopts the R&R.

## BACKGROUND

Plaintiffs commenced this lawsuit on May 18, 2020, along with nine other inmates incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota (MCF-Faribault), who participate in Native American religious practices.[1] Plaintiffs allege that MCF-Faribault has systematically denied Native Americans the right to participate in

---

[1] The nine other inmates' names are Kristopher Roybal, Chavez Wind, Warren Skinaway, Brian Bloom, Joseph Tipton, Barris Guy, Zach Clark, Chris Clark, and John Vondal, Jr. (Terminated Plaintiffs). The original complaint also sought to represent the interests of other "Native Americans confined at M.C.F.-Faribault." In Plaintiffs' amended complaint, Plaintiffs explain that Terminated Plaintiffs have chosen not to continue as plaintiffs in the case.

spiritual rituals, in violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc *et seq.*, and the First Amendment to the United States Constitution.

Specifically, Plaintiffs allege that although MCF-Faribault has allowed Native American inmates to participate in periodic sweat-lodge ceremonies, beginning in February 2020, MCF-Faribault prevented inmates from participating in these ceremonies. Plaintiffs maintain that it is unclear whether the cessation of the ceremonies resulted from precautionary measures instituted in response to the COVID-19 pandemic or in reaction to a February 2019 physical altercation between two ceremony participants.  Plaintiffs allege that Beltz has not similarly restricted attendance at ceremonies and meetings of other religious groups at MCF-Faribault.  In addition, Plaintiffs allege that MCF-Faribault has not prevented other religious groups from meeting for a similar duration—more than one year after an altercation between the religious groups' participants.  Plaintiffs allege that other Minnesota correctional facilities permit inmates to participate in sweat-lodge and related ceremonies.

Inmates may use a Department of Corrections (DOC) grievance procedure to complain about the conditions of their confinement.  The first step of the DOC grievance process requires inmates to submit an informal dispute resolution request, known as a "kite" form, that is directed to the relevant facility staff members.  If an inmate is dissatisfied with the response that the inmate receives from the staff member, the inmate may escalate the kite to other staff members along the facility's chain-of-command.  When an inmate has exhausted the kite process, the inmate may file a formal facility grievance.

MCF-Faribault's warden or the warden's designee then responds to the formal grievance. An inmate who is dissatisfied with the grievance response may appeal to the DOC's central office. A decision on an appealed grievance is the DOC's final response.

Bonga filed four kite forms with the Associate Warden of Administration between November 2020 and September 2021, requesting permission to continue to hold Native American ceremonies and to use tobacco at those ceremonies despite MCF-Faribault's COVID-19 restrictions. Boettcher filed a kite form in October 2021 and another in December 2021, requesting access to ceremonial items. The parties agree that none of the Plaintiffs has filed a formal grievance with the DOC.

On September 7, 2021, Plaintiffs filed an amended complaint. Beltz subsequently requested permission to file an early motion for summary judgment, which the magistrate judge granted. Beltz moved for summary judgment on January 24, 2022, arguing that the complaint must be dismissed because Plaintiffs failed to exhaust their administrative remedies. The R&R recommends concluding that Plaintiffs failed to exhaust their remedies and recommends that the Court dismiss Plaintiffs' complaint. Plaintiffs object to the R&R, arguing that the Court should excuse their failure to exhaust their administrative remedies. Beltz counters that the magistrate judge correctly applied the legal standards for exhaustion of remedies under the Prison Litigation Reform Act of 1995 (PLRA).

## ANALYSIS

Plaintiffs object to the R&R, arguing that their lawsuit should proceed even though Plaintiffs have not exhausted their administrative remedies. Beltz disagrees.

3

A district court reviews de novo those portions of a R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to a R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Any objection that merely repeats arguments that were presented to and considered by a magistrate judge is not reviewed de novo. *Id.* Rather, such an objection is reviewed for clear error. *Id.*

Before filing a lawsuit objecting to prison conditions, an inmate must exhaust administrative remedies. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). The PLRA requires inmates to exhaust their available administrative remedies fully and properly as to each claim in the complaint before filing an action in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Johnson v. Jones*, 340 F.3d 624, 627–28 (8th Cir. 2003); *see also Muhammad v. Mayfield*, 933 F.3d 993, 1000 (8th Cir. 2019). The purpose of this requirement is "to reduce the quantity and improve the quality of prisoner suits" by giving "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). A case must be dismissed when an inmate fails to exhaust available administrative remedies *before* initiating a lawsuit. *Johnson*, 340 F.3d at 627; *Robley v. Anderson*, No. 02-4199 JRTRLE,

2004 WL 742089, at *2 (D. Minn. Mar. 4, 2004) (explaining that "[t]he PLRA's exhaustion requirement is mandatory"). In addition, the PLRA requires "proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* at 90. The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).

Here, Bonga filed four kite forms requesting permission to continue Native American ceremonies and to use tobacco during these ceremonies despite MCF-Faribault's COVID-19 restrictions. Boettcher also filed two kite forms requesting access to ceremonial items. None of the Plaintiffs, however, filed a formal grievance. The PLRA requires inmates to fully and properly exhaust their available administrative remedies before filing a lawsuit. *Woodford*, 548 U.S. at 93. If an inmate files suit before exhausting administrative remedies, the district court must dismiss the complaint. *Johnson*, 340 F.3d at 627. Because none of the Plaintiffs has filed a formal grievance, Plaintiffs have failed to exhaust their administrative remedies. Plaintiffs' complaint, therefore, is procedurally barred.

Plaintiffs argue that, because former plaintiff Christopher Roybal exhausted his administrative remedies, Plaintiffs should not be required to exhaust their administrative remedies. But Roybal, who is one of the Terminated Plaintiffs, is no longer a plaintiff in this lawsuit. A plaintiff dismisses a party from a case when the plaintiff omits that party from the plaintiff's amended complaint. *See Barnes v. United States*, 111 F. App'x 441, 443 (8th Cir. 2004) (affirming district court's conclusion that certain defendants had

5

been dismissed from the suit by virtue of their absence from the plaintiff's amended complaint); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."). Here, Plaintiffs' amended complaint omits Roybal from the case caption and expressly states that Roybal no longer wishes to continue as a plaintiff in this case. Accordingly, Roybal has been dismissed from the lawsuit. Under these circumstances, Roybal's exhaustion of his administrative remedies has no bearing on Plaintiffs' exhaustion of their administrative remedies. For this reason, the Court concludes that Plaintiffs have failed to exhaust their administrative remedies, as required by the PLRA.[2] The Court identifies no error in the R&R's recommendation. The Court, therefore, overrules Plaintiffs' objection to the R&R, adopts the R&R and grants Beltz's motion for summary judgment.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs Dario Bonga, Wesley Tibbetts, Robert Boettcher, and Arthur Vanwert's objection to the R&R, (Dkt. 36), is **OVERRULED**.

2. The May 6, 2022 Report and Recommendation, (Dkt. 34), is **ADOPTED**.

---

[2] Although Plaintiffs argue that requiring each Plaintiff to individually exhaust his administrative remedies is "redundant and duplicative," this argument is unavailing as not one of the Plaintiffs has exhausted his administrative remedies.

3.  Defendant Tracy Beltz's motion for summary judgment, (Dkt. 25), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  July 5, 2022                                          s/Wilhelmina M. Wright
                                                              Wilhelmina M. Wright
                                                              United States District Judge